**Tom M. PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39659.

Court of Criminal Appeals of Texas.

May 25, 1966.

No attorney of record on appeal.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Appellant was convicted, under the Uniform Narcotic Drug Act (Art. 725b, Vernon's Ann.P.C.) as a second offender, of unlawfully selling heroin and his punishment was assessed at confinement in the Department of Corrections for fifty years.

The state's witness, John Gober, testified that on the day in question he saw the appellant around 11:30 a. m. at an icehouse in the city of Houston. At such time, appellant approached the witness and offered to sell him some heroin at $7 a "cap." The witness told appellant that he would come by his house later. He (the witness) then left the icehouse and called narcotics Officer McMannes. After the call, the witness met Officers McMannes and Hightower at a certain location, where the officers searched his person and automobile to ascertain that he had no narcotics and gave him $21. Acting under the officers' instructions the witness proceeded to appellant's home around 1 p. m. and purchased three capsules from him for $21. At the time, appellant told the witness that if later in the day he wanted to buy "some more of this dope he would have some papers" and "it would be $60.00 for a paper." The witness then returned to the officers and delivered the capsules to them. Later in the day the witness again saw appellant at the icehouse around 9:30 p. m. Appellant informed him that he had a paper they talked about earlier. The witness again called Officer Hightower and then drove with appellant in the witness's automobile to a certain apartment on North Shepherd. After parking the car the witness got out, leaving appellant in the vehicle, and went into the apartment, where he met Officer McMannes. The officer again searched the witness and gave him $60 in bills. The witness returned to the car and delivered the money to appellant, who in turn gave the witness a tinfoil package. The package was then delivered to Officer McMannes and was introduced in evidence as state's exhibit #2.

Officers McMannes and Hightower, called as witnesses by the state, testified that from certain vantage points they observed the two transactions between appellant and the witness Gober, and their testimony corroborated the witness's testimony.

It was shown by the testimony of Chemist Floyd E. McDonald that the tinfoil package (state's exhibit #2) delivered by appellant to the witness Gober contained one gram of powder which was 27.2 percent pure heroin.

A prior conviction of appellant for violation of the Uniform Narcotic Drug Act was stipulated by the parties.

Testifying in his own behalf, appellant related that he was with the state's witness Gober on the day in question, drinking beer, but denied that he sold and delivered narcotics to him at any time. Appellant admitted his prior conviction for possession of narcotics, alleged in the indictment for enhancement.

The jury, by their verdict, rejected appellant's testimony and accepted that of the state's witnesses, and we find the evidence sufficient to support the conviction.

The record contains no formal bills of exception and there are no objections to the court's charge.

The informal bills of exception appearing in the statement of facts have been examined and do not present reversible error.

The judgment is affirmed.

Opinion approved by the court.